NO. 07-07-0164-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 20, 2007

_____

ANTIONE DESHAN GENTRY, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;

NO. 54,585-E; HON. ABE LOPEZ, PRESIDING

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**ON MOTION TO ABATE**

Appellant Antione Deshan Gentry perfected appeal from a judgment finding him guilty of possession of a controlled substance on his plea of guilty. The guilty plea was the result of a plea agreement made after the trial court denied his written pretrial motion to suppress evidence. No written order on the motion appears in the record, nor does the docket sheet reflect denial of the motion. The only evidence in the record of the ruling is

the recitation in the trial court's certification of appellant's right to appeal that "matters were raised by written motion filed and ruled on before trial[.]"

Pending before the court is appellant's motion to abate the appeal to permit the trial court to sign a written order reflecting its ruling. Counsel has provided a letter from the trial judge indicating his decision to deny the motion to suppress and directing preparation of a written order by the prosecuting attorney. The letter does not appear in the record.

The failure to obtain a written ruling prior to trial is not fatal to appellant's right to challenge pretrial rulings on written motions in a plea bargained case. *See Salinas v. State*, No. 04-06-00427-CR, 2007 WL 595121 (Tex.App.–San Antonio February 28, 2007, pet. ref'd). The written order appellant seeks is, in effect, the order being appealed and is a required part of the clerk's record. *See* Tex. R. App. P. 25.2(a)(2)(A), 34.5(a)(5). We grant appellant's motion, abate the appeal and remand the cause to the trial court for execution of a written order consistent with its ruling on appellant's motion to suppress. The trial court shall cause the order to be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before August 10, 2007.

Per Curiam

Do not publish.

2